UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMA ENTERPRISES LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN ROBERT TAYLOR, et al.,<br><br>    Defendants. | Case No. 22-cv-01692-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Defendants Bascom Avenue Development LLC ("Bascom"), John Robert Taylor, and Taylor Properties ("the defendants") move to dismiss the complaint filed by plaintiffs JMA Enterprises LLC and Jason Akbarzadeh ("the plaintiffs") for lack of subject matter jurisdiction. The motion is GRANTED. There is no federal question presented on the face of the complaint. Nor is there diversity jurisdiction. The plaintiffs assert state law claims, including breach of contract and indemnity, arising from a dispute over whether the plaintiffs (tenants) or the defendants (their landlord) were responsible under the terms of their lease for modifying a property as required by the Americans with Disabilities Act ("ADA"). Although landlords and tenants may contractually allocate the responsibility of ADA compliance between themselves, the ADA itself does not provide a cause of action when disputes over that allocation of responsibility arise. This dispute belongs in state court.

## BACKGROUND

The defendants own a property located at 550 South Bascom Avenue in San Jose, California ("the property"). *See* Compl. [Dkt. No. 1] ¶ 4. In 2012, they leased the property to the plaintiffs, who own and operate a business known as Top Notch Auto Sales ("Top Notch") there. *Id.* ¶¶ 4, 11. The parties initially entered a "multi-year lease," which they later converted to a

month-to-month agreement. *Id.* ¶ 22. The parties signed the operative lease in October 2016. *Id.* ¶ 26. It contains an ADA provision, which states:

> Since compliance with the Americans with Disabilities Act (ADA) is dependent upon Lessee's specific use of the Premises, Lessor makes no warranty or representation as to whether or not the Premises comply with ADA or any similar legislation. In the event that Lessee's use of the Premises requires modifications or additions to the Premises in order to be in ADA compliance, Lessee agrees to make any such necessary modifications and/or additions at Lessee's expense.

*Id.* ¶ 28 (citing Ex. 2 at 12).

On June 4, 2021, Top Notch Auto customer Eric Rojas sued JMA Enterprises and Bascom in this district, alleging that the property was not accessible to people with disabilities and thus in violation of the ADA and other laws. *Id.* ¶¶ 1, 9; *see also Rojas v. Rasem*, No. 21-CV-04290-VKD (N.D. Cal. filed June 4, 2021). Specifically, Rojas alleged that there was no accessible path of travel from the public right of way to the building entrance, that the office door was not properly wide enough, and that the restroom was too small for his wheelchair. Compl. ¶¶ 6, 9; *see also Rojas*, No. 21-CV-04290-VKD, Dkt. No. 1.

The plaintiffs allege that the defendants informed them of Rojas's lawsuit and represented that it was the plaintiffs' duty under their lease agreement to retrofit the property and bring it into ADA compliance. Compl. ¶ 6. The plaintiffs contend that they did so at their own expense, setting aside designated parking spaces for people with disabilities, creating a dedicated pathway between the parking lot and the sales office, and installing ADA-compliant doorways. *Id.*

On March 8, 2022, Rojas and Bascom agreed to dismiss the *Rojas* case with prejudice. *See Rojas*, No. 21-CV-04290-VKD, Dkt. No. 38. The case was terminated two days later.

The plaintiffs then filed this case on March 16, 2022, alleging that under the terms of their lease, the defendants—not the plaintiffs—were responsible for bringing the premises into ADA compliance.[1] *See generally* Compl. The complaint asserts state-law claims of indemnity, breach

---

[1] On April 8, 2022, Bascom sued Akbarzadeh for unlawful detainer in state court. *See Bascom Ave. Dev. LLC v. Akbarzadeh*, No. 22-CV-02443-WHO (N.D. Cal. filed April 8, 2022). According to Bascom, it notified Akbarzadeh on March 8, 2022, that it was terminating his lease on April 7, and Akbarzadeh failed to turn over possession. *See id.* Akbarzadeh removed that case to this court on April 20. *See id.*, Dkt. No. 1. Bascom filed a motion to remand for lack of

1  of contract, and violations of the Unfair Competition Law, and seeks damages, and declaratory

2  and injunctive relief. *See id*. ¶¶ 26-55.

3        The defendants filed this motion to dismiss on April 8, 2022. Dkt. No. 8. Pursuant to

4  Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument.

## LEGAL STANDARD

      A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

      A Rule 12(b)(1) challenge may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

      "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

---

jurisdiction, which I have GRANTED in a separate Order.

3

subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**DISCUSSION**

There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiffs have not shown either.

**I.    FEDERAL QUESTION JURISDICTION**

Federal question jurisdiction exists if an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

Title III of the ADA provides that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Typically, individuals with a disability sue under the ADA. *See, e.g.*, *Kohler v. Bed Bath & Beyond of Cal., LLC,* 780 F.3d 1260, 1262 (9th Cir. 2015); *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir. 2000); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

The defendants argue that the ADA only provides a cause of action for people with disabilities who are discriminated against on the basis of disability—not for tenants against landlords regarding ADA compliance. *See* Mot. to Dismiss [Dkt. No. 8] ¶¶ 9, 17. Because the complaint does not allege that the plaintiffs have a disability or were discriminated against based on a disability, the defendants argue, it does not present a federal question arising from the ADA. *Id*. ¶¶ 9, 18. According to the defendants, "[s]imply stating the words 'Americans With Disabilities Act (ADA)' in a complaint does not create subject matter jurisdiction." *Id*. ¶ 9.

The plaintiffs argue that the complaint presents several federal questions, including

1  whether the landlord or tenant is responsible for ADA-required modifications, whether the
2  property was ADA-compliant before those modifications were made, and whether the ADA clause
3  in the lease is unenforceable as against public policy. *See* Oppo. [Dkt. No. 9] 4:13-25; 6:16-7:24.

4  The plaintiffs fail to recognize the inherent flaw in their complaint. The ADA prohibits
5  discrimination against people with disabilities on the basis of their disability. The allegations in
6  the complaint arise from a landlord-tenant dispute over the terms of a lease. The lease's mention
7  of the ADA—and the modifications that the plaintiffs made as a result—does not mean this case
8  arises under the ADA itself.

9  True, "[b]oth the landlord who owns the building that houses a place of public
10 accommodation and the tenant who owns or operates" that place of public accommodation are
11 subject to the ADA's requirements. 28 C.F.R. § 36.201(b). *Id.* The landlord and tenant may
12 allocate their responsibilities for ADA compliance in their lease or another contract. *Id*. But the
13 tenant does not have a cause of action against the landlord under the ADA. Rather,
14 "indemnification claims must be based on *the lease agreement*, not on the ADA." *Brown v. HTR*
15 *Props. LLC*, No. 17-CV-00829-WHO, 2017 WL 3453354, at *2 (N.D. Cal. Aug. 11, 2007)
16 (emphasis in original).

17 In *Brown*, a plaintiff with a disability sued a property owner and lessee for failing to
18 provide proper access to signage, parking, a service counter, and restrooms at an automobile
19 center. *Id.* at *1. The owner and lessee then brought indemnification crossclaims against each
20 other based on their lease agreement. *Id.* I held that "the ADA does not provide a basis for a
21 lessee to state claims against a lessor," and that any indemnification claims must be based on the
22 lease agreement rather than the ADA. *Id*. at *2. Because the lessee could not identify any
23 provision of the lease supporting its claims, I dismissed them. *Id*. at *3.

24 The same is true here. Although the complaint includes a host of factual allegations about
25 the property—many of which are not relevant to the question at hand—the causes of action arise
26 from the lease agreement, not the ADA. Whether the defendants breached that agreement or
27 whether they must indemnify the plaintiffs for ADA-required modifications are all questions of
28

United States District Court
Northern District of California

state, not federal, law.[2] After reviewing the face of the complaint, it does not present a federal question. Federal question jurisdiction therefore does not exist.

## II. DIVERSITY JURISDICTION

Although the defendants did not raise diversity jurisdiction in their motion to dismiss, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," meaning they must "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Diversity jurisdiction exists when: (1) the parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

As pleaded in the complaint, both JMA Enterprises and Bascom are California companies. *See* Compl. ¶ 3. The complaint is otherwise silent as to the citizenship of the other plaintiffs and defendants. *See generally id*. The plaintiffs have not established that there is sufficient diversity of the parties as required to establish diversity jurisdiction.

## CONCLUSION

Because the complaint does not present a federal question or establish diversity of the parties, I lack subject matter jurisdiction over this matter. Leave to amend would be futile. The motion to dismiss is GRANTED without leave to amend. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 27, 2022

William H. Orrick
United States District Judge

---

[2] The plaintiffs also contend that the ADA provision in the lease agreement is unenforceable as against public policy because the term purports to place ADA compliance on the tenant. *See* Compl. ¶ 31. A landlord cannot escape ADA liability regardless of the terms of the lease, *see Botosan*, 216 F.3d at 834, but the parties can allocate responsibility. In any case, this does not provide the plaintiffs a cause of action under the ADA.